**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

| | |
|---|---|
| CHARLES LESLIE STILWELL, an individual, <br><br>     Plaintiff, <br><br> v. <br><br> Defendant "1" a/k/a AMITY ZHANG a/k/a ZHANG XIAOJIE, an individual; and JOHN DOES 1 – 20, as yet unidentified Individuals, Business Entities and/or Unincorporated Associations, <br><br>     Defendants. | CASE NO. |

**COMPLAINT FOR VIOLATION OF THE**
**RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT**

Plaintiff, CHARLES LESLIE STILWELL, by and through undersigned counsel, sues Defendant "1" a/k/a AMITY ZHANG a/k/a ZHANG XIAOJIE, an individual; and JOHN DOES 1 – 20, as yet unidentified Individuals, Business Entities and/or Unincorporated Associations, and states as follows:

**PRELIMINARY STATEMENT**

1.      Defendants stole cryptocurrency from Plaintiff valued at approximately ONE MILLION THREE HUNDRED THIRTY-THREE THOUSAND FOUR DOLLARS ($1,333,004.00) pursuant to a sophisticated global internet cryptocurrency fraud and conversion scheme.

2. Defendants played a material role in the theft of Plaintiff's assets, and upon information and belief, currently possesses all or a significant portion of Plaintiff's stolen property.

3. Plaintiff brings this lawsuit to recover his stolen assets.

**SUBJECT MATTER JURISDICTION AND VENUE**

4. This is an action for damages including pursuant to 18 U.S.C. § 1961, et seq. (the "Racketeer Influenced and Corrupt Organizations Act" or "RICO"). This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question).

5. Venue is proper in this District pursuant to 18 U.S.C. § 1965(a) and (b), and 28 U.S.C. § 1391(b) and (c).

**THE PARTIES AND PERSONAL JURISDICTION**

6. Plaintiff CHARLES LESLIE STILWELL is an individual, is *sui juris*, and is a resident and citizen of Florida.

7. Defendant "1" is an individual, is *sui juris*, is a foreign defendant in China, and is subject to the personal jurisdiction of this Court. Although Defendant "1" represented to Plaintiff that her name was AMITY ZHANG and ZHANG XIAOJIE, Plaintiff does not know whether that was the Defendant's actual name. Defendant "1" represented to Plaintiff that she was Chinese, and the parties' oral/video communications consistently demonstrated that Defendant was of Chinese descent and located in China.

8. Defendants JOHN DOE 1-20 are as of yet unidentified Individuals, Business Entities, And/or Unincorporated Associations, cohorts of Defendant "1," are sui juris, and are subject to the personal jurisdiction of this Court.

2

9.     At all times material hereto, Defendants, individually or jointly in any combination, control (directly or indirectly) private cryptocurrency wallets and cryptocurrency exchange accounts in which all, or a portion of, Plaintiff's stolen cryptocurrency currently sits.

10.     Defendants are subject to personal jurisdiction in this district, because they direct business activities towards and conducts business with consumers throughout the United States, including within the State of Florida and this district through at least one electronic mean (Facebook and WhatsApp internet messaging) accessible from Florida.  Alternatively, Defendants are subject to personal jurisdiction in this district pursuant to Federal Rule of Civil Procedure 4(k)(2) because (i) Defendants are not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

<u>**ALLEGATIONS COMMON TO ALL COUNTS**</u>

**A.     Defendants Execute an International Cryptocurrency Theft Scheme.**

11.     On or about June 20, 2022, Defendant '1" contacted Plaintiff through Facebook, an online social networking service.  Subsequently, Defendant "1" asked, and Plaintiff agreed, to expand their communications through WhatsApp, an online messaging service.

12.     On or about February 24, 2022 Defendant "1" misrepresented to Plaintiff that her uncle "Charlie", headed a four (4) person successful Chinese cryptocurrency trading group operating through an online cryptocurrency exchange called XHEX.  Defendant "1" misrepresented to Plaintiff that Charlie achieved 350% annual returns for her and even showed Plaintiff a screenshot of Defendant "1"'s ostensible earnings of $20,000 for that single day's trades.  Defendant "1" also misrepresented to Plaintiff that Plaintiff could withdraw his profits

from the XHEX exchange at any time.  Defendant "1" misrepresented to Plaintiff that her uncle Charlie wanted to prepare a trading plan for Plaintiff and invited Plaintiff to call him.

13.     Relying on Defendant 1's misrepresentations Plaintiff opened an XHEX trading account on or about February 29, 2022.

14.     Plaintiff has no evidence that Charlie was actually a person different from Defendant "1."

15.      Defendant "1" supported the above misrepresentations by electronic means including Facebook and WhatsApp internet messaging services.

16.     Based on the misrepresentations of Defendant "1" that she had superior knowledge in cryptocurrency investing, and based on Defendant's invitations to invest according to her advice, Plaintiff reposed his trust and confidence in Defendant "1" to guide him in the Defendant's proposed investments.

17.     In reality the XHEX "platform" was merely a fraudulent, mere website and not an exchange.

18.     The fraudulent XHEX platform included a falsified dashboard that displayed increasing "fake" gains over Plaintiff's investments, on which - along with Defendant's encouragement, misrepresentations, and direction - Plaintiff relied to continue to transfer greater amounts of funds to the XHEX platform.

19.     At all times Defendants orchestrated, i.e., directed or themselves made, all of the fraudulent "exchange's" communications (i.e., misrepresentations) to Plaintiff inducing him to each time make additional payments.

20.     On or about April 28, 2022, when Plaintiff's ostensible trading account had accrued ostensible sizeable winnings, Plaintiff attempted to withdraw $50,000.

21.     The "exchange" declined the withdrawal misrepresenting that the "exchange's" "algorithms" concluded Plaintiff was money laundering.  Relying on the "exchange's" fraudulent instructions, Plaintiff deposited $168,500 to "prove" he was not money laundering. The "exchange" stated that if Plaintiff failed to do so his account would be frozen.

22.     Defendant "1" told Plaintiff not to worry and to make the payment so that Plaintiff could withdraw the funds after payment.  After Plaintiff deposit the funds, however, when Plaintiff tried to withdraw his funds the "exchange" instructed Plaintiff to deposit another $135,000 to ostensibly "restore credit."

23.     Plaintiff again deposited the funds, but the "exchange" then communicated to Plaintiff that the crypto-market slump had caused it to restrict withdrawals to VIP (Very Important Person) accounts of more than $1Million.  The "exchange" also told Plaintiff that if he deposited another $150,000 he would achieve the VIP status.

24.     On July 8, 2022 (after XHEX changed its name to BBEX) Plaintiff deposited the  $150,000 but the "exchange" again declined withdrawal, this time stating Plaintiff owed $60,000 VAT (Value Added Tax).

25.     Plaintiff paid the alleged "VAT" and the "exchange" then stated Plaintiff owed a $91,703 "withdrawal risk deposit."

26.     On August 4, 2022 Charlie urged Plaintiff to pay and "guaranteed" he would himself reimburse Plaintiff  $800,000 if Plaintiff's withdrawal was declined.

27.     Plaintiff refused to make the payment and Defendants ceased their communications.

28.     In all, Defendants stole the entirety of Plaintiff's funds, i.e., ONE MILLION THREE HUNDRED THIRTY-THREE THOUSAND FOUR DOLLARS ($1,333,004).

**B.      Plaintiff's Forensic Tracking of His Stolen Cryptocurrency.**

29.      Cryptocurrency is a digital asset, which may be a medium of exchange, for which generation or ownership records are supported through a distributed ledger technology that relies on cryptography, such as a "blockchain."  When a transaction is made on the blockchain it is assigned a "transaction hash" ("TXID").  A transaction hash is a unique string of characters that is given to every transaction that is verified and added to the blockchain.  A TXID is used to uniquely identify a particular transaction.  All on-chain transactions (the transactions from or to external addresses) have a unique TXID that can be seen in transaction details.  All on-chain transactions (depositing and withdrawing of funds) have a unique TXID that can be found in transaction details.

30.      The subject Plaintiff's cryptocurrency consisted of:

     i.      "Tether (USDT)," an asset-backed cryptocurrency or "stablecoin" pegged to the U.S. Dollar.  Stablecoins are a category of cryptocurrencies with mechanisms aimed at maintaining a stable value, such as by pegging the coin's value to a specific currency, asset, or pool of assets or by algorithmically controlling supply in response to changes in demand to stabilize value; and

     ii.      "Ether (ETH)", a cryptocurrency generated in accordance with the Ethereum protocol as a reward to validators in a proof-of-stake system for adding blocks to the blockchain.

31.      Between February 27, 2022, and April 9, 2022, Plaintiff sent four USDT cryptocurrency transactions to a first virtual wallet address controlled by Defendant

6

0x7bafc5751b889f054b6d3cc87b92464eb80b5e83 ("Defendant Wallet 1") from Plaintiff's

Crypto.com account:

| Date & Time (UTC) | Amount | Transaction Hash |
|---|---|---|
| Feb 27, 2022, 10:56:14 PM | 3,917 **USDT** | 0xbe92f50d948230e93d5055b598acea2d16612c6291feff5186ed40f64b5e22c6 |
| Feb 27, 2022, 1:49:16 AM | 3,917 **USDT** | 0x0abce7400da1767e61ce68496e59d56c7e66f3460f5f182442a90c9e71b99a47 |
| Mar 4, 2022, 4:41:12 PM | 12,744 **USDT** | 0xbbec704a9f84f26a9812dc5f647edeed158765cc01b1a75359890344d865e266 |
| Apr 9, 2022, 11:38:42 PM | 24,725 **USDT** | 0x00d57cd2e877baa51edcd2f47316225bb7c0abfa9232d21213e31fba380e06d1 |
| **Sent to Wallet Address:** 0x7bafc5751b889f054b6d3cc87b92464eb80b5e83 | | |

32.     Between March 22, 2022, and July 18, 2022, Plaintiff sent nine ETH and three

USDT cryptocurrency transactions to a second virtual wallet address controlled by Defendant

0x03073941a6cd0448e8b34f204e26e3b45df48aab ("Defendant Wallet 2") from Plaintiff's

Crypto.com account:

| Date & Time (UTC) | Amount | Transaction Hash |
|---|---|---|
| Mar 22, 2022, 7:03:01 PM | 16.66 **ETH** | 0x81c4cc0e0cfa4ee7fd6c9fe32b83a7e241199faefe9620f23d0142d3e3182ba0 |
| Apr 5, 2022, 11:16:15 PM | 70.99 **ETH** | 0xf1966873de9e5365c0638e2726c247a58e244a1f8dbc677de1cfbe5d91309afd |
| Apr 14, 2022, 6:46:16 PM | 9.15 **ETH** | 0xf7ddee452ba3f62054ce1458a6ad0ad59e05d49b37f5284712f4d5336ed4f887 |
| Apr 20, 2022, 11:58:33 PM | 22.30 **ETH** | 0x64e1f9dbb7c969e3da8c339967c7376b559e63bc37a3bcf9267a640388b65ae1 |
| Apr 22, 2022, 1:17:41 AM | 9,975 **USDT** | 0xe3c855338b52d088c464e23ca26dc28963150118fcae74cda258d416b3794bd0 |
| May 6, 2022, 9:01:09 PM | 59.94 **ETH** | 0xa0f9cc3a618cbf8defbcfec7e6721ed37e13a326e7396c324688a8a156df4b42 |
| May 9, 2022, 2:59:21 PM | 3.50 **ETH** | 0x1d2f831cecf15185d16f3ca82dc2e596bcd0690429a18a06efd15e637fd788c9 |
| May 19, 2022, 12:18:53 AM | 71.09 **ETH** | 0x563d62a13d403583905671f404a3324799aaed0e6d8d686f16f48fbadc490685 |
| Jul 5, 2022, 5:54:26 PM | 130.39 **ETH** | 0x3971b1c4292af31b5a8448864aced0a5140358acbf8a7ac33ea412aa89b50eeb |
| Jul 8, 2022, 5:59:15 PM | 113.39 **ETH** | 0x82b3cb3a20d477a40698702e450a5b40f0680317ca0eec02716d3d475584835c |
| Jul 12, 2022, 5:45:49 PM | 80,022 **USDT** | 0x49871761a403d8050d3089a3aa9713674f1ab9dbdb49d8b0b3f462ab4de41a69 |
| Jul 18, 2022, 4:49:08 PM | 60,391 **USDT** | 0x574a58e8b3ef88d489299e5c9bc68a35849b89950d2bf5e8131ec31854e1281d |
| **Sent to Wallet Address:** 0x03073941a6cd0448e8b34f204e26e3b45df48aab | | |

33.	On April 8, 2022, Plaintiff sent USDT to a third virtual wallet address controlled by Defendant 0x97c8a21bc336c0d44ebfc319fe9f882c4140078e ("Defendant Wallet 3") from Plaintiff's Crypto.com account:

| Date & Time (UTC) | Amount | Transaction Hash |
|---|---|---|
| Apr 8, 2022, 5:08:59 PM | 25,021 **USDT** | 0xfb82e1f631c32719f769721ba660db628ee07c1a946d632274c095ffbb7fc188 |
| **Sent to Wallet Address:** 0x97c8a21bc336c0d44ebfc319fe9f882c4140078e | | |

34.	Between October 25, 2022, and November 21, 2022, Plaintiff sent four USDT cryptocurrency transactions to a fourth virtual wallet address controlled by Defendant 0x2c3cd370533ce79eb7854ebb151ae41a1b46ec05 ("Defendant Wallet 4") from Plaintiff's Crypto.com account:

| Date & Time (UTC) | Amount | Transaction Hash |
|---|---|---|
| Oct 25, 2022, 2:31:47 PM | 7,913 USDT | 0x5a22feecd09e4ea152d6358c08c045125d34dea7241f26e810431b882f5ee78f |
| Nov 3, 2022, 9:11:59 PM | 9,773 USDT | 0xe98dd8fabf40ecb8643935c0d651a6e4c9d5e39e75f0e8c71790cc1df3a4200e |
| Nov 21, 2022, 4:57:11 PM | 20,478 USDT | 0xb1df373f6a56f2ecbd458d55d10a92e3828080a930db979b96bbf767cab4c437 |
| Nov 21, 2022, 10:37:23 PM | 9,764 USDT | 0x43e60fcfd2a3d19cbfef4bfb84c7b2722674d3c68e9887285cfae8123da052d0 |
| **Sent to Wallet Address:** 0x2c3cd370533ce79eb7854ebb151ae41a1b46ec05 | | |

35.	Between November 23, 2022, and December 5, Plaintiff sent three USDT cryptocurrency transactions to a fifth virtual wallet address controlled by Defendant 0x0c48e10da4a1aab54971025b90834e68b281ab4e ("Defendant Wallet 5") from Plaintiff's Crypto.com account:

| Date & Time (UTC) | Amount | Transaction Hash |
|---|---|---|
| Nov 23, 2022, 3:48:23 PM | 9,862 USDT | 0x3b0a4ec2f1c9fe5952f4ed0244b4cbd42f2448203e6da7a531953d1fcbee7a54 |
| Nov 28, 2022, 10:45:23 PM | 15,003 USDT | 0x110770e10ff93aac153e9440c5c1cecaa05147e3cc5f5e73445d53aaecb452fa |
| Dec 5, 2022, 7:53:47 PM | 44,810 USDT | 0x1141ed8279d5a31b019beb082ec511af4b9decefff79bd0dd2cb7f62eb232c8e |

| Sent to Wallet Address: 0x0c48e10da4a1aab54971025b90834e68b281ab4e | | |
|---|---|---|

36.     Between November 8, 2022, and November 15, Plaintiff sent two USDT cryptocurrency transactions to a sixth virtual wallet address controlled by Defendant 0x96b2527b2cc2ed52aa78282e784db739326a7d47 ("Defendant Wallet 6") from Plaintiff's Crypto.com account:

| Date & Time (UTC) | Amount | Transaction Hash |
|---|---|---|
| Nov 8, 2022, 7:20:11 PM | 9,772 USDT | 0x5cb7764f5ed531b923636d19252a452c6fd1c7680dc912fdda7095513b00f375 |
| Nov 15, 2022, 5:33:11 PM | 4,984 USDT | 0x307edb6e11f9d7ec852b6405cd9b81c65f6933a432cb85d90725f42896eda8e9 |
| Nov 8, 2022, 7:20:11 PM | 9,772 USDT | 0x5cb7764f5ed531b923636d19252a452c6fd1c7680dc912fdda7095513b00f375 |
| Sent to Wallet Address: 0x96b2527b2cc2ed52aa78282e784db739326a7d47 | | |

37.     Plaintiff's funds were traced through multiple wallets before landing on the following legitimate online cryptocurrency exchanges:

| BINANCE | | | |
|---|---|---|---|
| Sender Address | Date (UTC) | Amount | Receiver Address |
| **Binance Deposit** 0xf932203d4fc1fa1c575fed8a9652da8ad12e081f | Mar 13, 2022, 7:04:58 AM | 53,936 **USDT** | **Binance Exchange** 0x28c6c06298d514db089934071355e5743bf21d60 |
| **Binance Deposit** 0xf1e00789ccc786f2ef9fb141f0847a218421dcfe | Apr 7, 2022, 4:02:55 PM | 100,000 **USDT** | |
| | Apr 21, 2022, 4:31:33 PM | 100,000 **USDT** | |
| | May 7, 2022, 2:59:43 PM | 170,000 **USDT** | |
| **Binance Deposit** 0xc73a403d83abd1b27c1b53ecb0e64cad8c0b2dd3 | Apr 7, 2022, 5:00:57 PM | 60,000 **USDT** | **Binance Exchange** 0x28c6c06298d514db089934071355e5743bf21d60 |
| | Apr 7, 2022, 5:31:34 PM | 40,000 **USDT** | |

| Sender Address | Date (UTC) | Amount | Receiver Address |
|---|---|---|---|
| | Jul 27, 2022, 9:56:10 AM | 100,000 **USDT** | |
| | Aug 17, 2022, 12:01:26 PM | 10,000 **USDT** | |
| **Binance Deposit** 0xe8da1326eb56c541d51cd4747d8045cbab7382ba | Aug 12, 2022, 10:00:34 AM | 100,000 **USDT** | **Binance Exchange** 0x28c6c06298d514db089934071355e5743bf21d60 |
| **Binance Deposit** 0x57c25d849258e03cf72edb94fdf27462b63ac5c9 | Jul 10, 2022, 4:59:36 AM | 60,000 **USDT** | |
| **Binance Deposit** 0xc480b1a0dce82fd8b67fd38ab4530fa58b10e1e2 | Jul 7, 2022, 3:45:48 PM | 3,302,807 **USDC** | **Binance Exchange** 0x55fe002aeff02f77364de339a1292923a15844b8 |
| **Binance Deposit** 0xa414a79955e54b3bdc123f4b043d016e2bdb1b8e | Jan 3, 2023, 1:00:11 PM | 86,000 **USDT** | **Binance Exchange** 0x28c6c06298d514db089934071355e5743bf21d60 |
| **Binance Deposit** 0x5c7205b97cb04405d4371fe2fe420b0cdda4013c | Nov 23, 2022, 12:55:11 AM | 713,590.3 **USDT** | **Binance Exchange** 0x897b425dab19eb886dc6ae2010fe2a0de85308fa |
| **Binance Deposit** 0xd8ec02c83842fec5a88bfdbbfa3e2c14d3459b0f | Dec 29, 2022, 11:26:23 AM | 11,000 **USDT** | **Binance Exchange (E2)** 0x28c6c06298d514db089934071355e5743bf21d60 |
| **Binance Deposit** 0x8bb33e920f4e1ce0277420df507384e930e70a15 | Dec 29, 2022, 7:00:23 PM | 55,890 **USDT** | |

| FTX | | | |
|---|---|---|---|
| **Sender Address** | **Date (UTC)** | **Amount** | **Receiver Address** |
| **FTX Deposit** 0xbc044b893ae5d473781106d2124976e56766a948 | May 12, 2022, 3:30:57 AM | 512,153 **USDT** | **FTX Exchange** 0x2faf487a4414fe77e2327f0bf4ae2a264a776ad2 |
| **FTX Deposit** 0xa59712cde1c7781ec2f745611dd4a37791b3f9ce | Mar 23, 2022, 7:52:05 AM | 80,000 **USDT** | |

| OKX | | | |
|---|---|---|---|
| **Sender Address** | **Date (UTC)** | **Amount** | **Receiver Address** |
| **OKX Deposit** 0x724682b4a4a3de59e2ca315e2c19d1a79471bd81 | Mar 1, 2022, 9:26:21 PM | 8,400 **USDT** | **OKX Exchange** 0x5041ed759dd4afc3a72b8192c143f72f4724081a |

| | Apr 15, 2022, 8:19:16 AM | 120,000 **USDT** | |
| **OKX Deposit** 0xa0a682513bdf041cac2f519b23e9712c0660478a | Jun 23, 2022, 1:52:52 PM | 143,740 **USDT** | |
| **OKX Deposit** 0x382e81e7f76d8c2637cfe6f3871f3c0deeec10d7 | Oct 31, 2022, 12:21:23 PM | 2,000 **USDT** | |
| **OKX Deposit** 0x40d27199beb7187ae6542056f33a3231828403f6 | Nov 30, 2022, 10:20:59 AM | 7,990 **USDT** | **OKX Exchange** 0x06d3a30cbb00660b85a30988d197b1c282c6dcb6 |
| **OKX Deposit** 0x0161d059974d141bb44d10700437990cea06c1d7 | Nov 30, 2022, 1:43:35 PM | 1,155 **USDT** | **OKX Exchange** 0xbda23b750dd04f792ad365b5f2a6f1d8593796f2 |
| | Nov 30, 2022, 12:48:35 PM | 8,620 **USDT** | **OKX Exchange** 0x3d55ccb2a943d88d39dd2e62daf767c69fd0179f |
| | Dec 4, 2022, 11:22:59 AM | 854 **USDT** | |
| | Dec 1, 2022, 8:51:23 AM | 7,052 **USDT** | **OKX Exchange** 0x9723b6d608d4841eb4ab131687a5d4764eb30138 |
| **OKX Deposit** 0x3d129bfde0d2e68394306e60ac843498a3da0015 | Dec 30, 2022, 12:36:35 AM | 10,000 **USDT** | **OKX Exchange** 0x3d55ccb2a943d88d39dd2e62daf767c69fd0179f |
| | Dec 1, 2022, 12:35:59 PM | 10,000 **USDT** | **OKX Exchange** 0x9723b6d608d4841eb4ab131687a5d4764eb30138 |
| | Jan 10, 2023, 2:56:47 PM | 26,000 **USDT** | **OKX Exchange** 0x7eb6c83ab7d8d9b8618c0ed973cbef71d1921ef2 |

| Gate.io | | | |
|---|---|---|---|
| **Sender Address** | **Date (UTC)** | **Amount** | **Receiver Address** |
| **Gate.io Deposit** 0xd3c2adeb1df76b909b7ec8b003a6fb5b4c5c5ff4 | Nov 20, 2022, 1:20:35 PM | 14,800 **USDT** | **Gate.io Exchange** 0x0d0707963952f2fba59dd06f2b425ace40b492fe |

| KRAKEN | | | |
|---|---|---|---|
| Sender Address | Date (UTC) | Amount | Receiver Address |
| Kraken Deposit 0x11b19c6937b3024e518886413a67cbc8d 9ea3e9a | Aug 5, 2022, 2:22:09 PM | 199,915 USDT | Kraken Exchange 0x89e51fa8ca5d66cd220baed62ed01e8951 aa7c40 |

38.     Based on the above, Defendant converted (a) 353,079.67 USDT valued at $353,079.67 (353,079.67 USDT × ($ 1.00 ÷ 1 USDT) and (b) 497 ETH valued at $979,924.32, resulting in a combined total of ONE MILLION THREE HUNDRED THIRTY-THREE THOUSAND FOUR DOLLARS ($1,333,004).

39.     Plaintiff traced his stolen cryptocurrency to cryptocurrency exchanges: Binance, FTX, OKX, Gate.io, and Kraken.

40.     Plaintiff suffered substantial damages.

41.     If unchallenged, Defendants will continue theirr fraudulent international criminal crypto theft scheme of robbing unsuspecting persons and businesses in the U.S., in this district, and throughout the world.

### FULFILLMENT OF CONDITIONS PRECEDENT AND ENTITLEMENT TO ATTORNEY'S FEES

42.     All conditions precedent to the maintenance of this action have been performed, have occurred, or have been waived or excused.

43.     Plaintiff has retained the undersigned attorneys to bring this action and is obligated to pay a reasonable attorney's fee for their services.  Plaintiff is entitled to an award of his attorney's fees against Defendants among other things, pursuant to 18 U.S.C. § 1964(c).

**COUNT I**
**RACKETEERING IN VIOLATION OF 18 U.S.C. § 1964**

44. Plaintiff adopts and realleges the allegations set forth in paragraphs 1 through 43 above as if fully and expressly set forth herein and further alleges as follows.

45. The operation of Defendants and the other yet-to-be-identified parties, individually and through their fraudulent investment platform, XHEX/BBEX, in their sophisticated global internet cryptocurrency fraud and conversion scheme constitutes a racketeering operation.

46. Defendants directed and coordinated with other yet-to-be-identified parties (collectively the "XHEX/BBEX Enterprise," "RICO Enterprise," or "Enterprise") within the meaning of 18 U.S.C. § 1961(4), which Enterprise was engaged in, or the affairs of which affected, interstate and foreign commerce.

47. Defendants and the other yet-to-be-identified parties were each also a member of the RICO Enterprise, as each was a distinct person, separate and apart, from each of the RICO Enterprise members together.

48. The RICO Enterprise engaged in a pattern of racketeering activity.

49. As co-conspirators, the unlawful conduct of each member of the RICO Enterprise is attributed to every member, i.e., Defendants and the other yet-to-be-identified co-conspirators.

50. As set forth above, the RICO Enterprise engaged in the following predicate act of racketeering within the meaning of 18 U.S.C. § 1961(1): Wire fraud in violation of 18 U.S.C. § 1343.

13

51. The predicate acts set forth in this Complaint, includes defrauding Plaintiff through Facebook and WhatsApp internet messaging and domestic and international texts.

52. Each of Plaintiff's cryptocurrency transfers to Defendant's control was based on different misrepresentations. See Paragraphs 11 - 26 supra. Each misrepresentation constitutes a discrete act of racketeering resulting in discrete and different instances of damage to Plaintiff.

53. The predicate act set forth in this Complaint are related, in that they have the same or similar purposes, results, participants, and methods of commission, and are otherwise interrelated by distinguishing characteristics and are not isolated events. The related criminal schemes set forth in this Complaint constitutes a "pattern or patterns of racketeering activity" as defined in 18 U.S.C. § 1961(5).

54. Defendant engaged in two or more predicated acts of racketeering within a period of ten years and committed at least one such act after October 15, 1970.

55. The information that would establish further predicate acts and further acts of racketeering is solely within the control of Defendants. However, given the global nature of their criminal scheme, with the great distances between: (a) the members of the XHEX/BBEX Enterprise, including Defendants, in China; and (b) their unsuspecting victims including Plaintiff (e.g., throughout the United States, in this district, and throughout the world), the evidence will demonstrate the Enterprise members communicated with each other, with Plaintiff, with victims similarly situated to Plaintiff, through use of mail and/or wire. Plaintiff requires discovery to ferret out the further extent of predicate acts and further acts of racketeering, including the identity of similarly situated defrauded victims and the scope of the systematic fraud.

56. Defendants have received income derived, directly or indirectly, from a pattern of racketeering activity and used or invested, directly or indirectly, part of such income, or the proceeds of such income, in acquisition of an interest in, or in the establishment or operation of, the RICO Enterprise, an enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce in violation of 18 U.S.C. § 1962(a).

57. Defendants through a pattern of racketeering activity maintains, directly or indirectly, an interest in or control of the RICO Enterprise, an enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce in violation of 18 U.S.C. § 1962(b).

58. Defendants were associated with the RICO Enterprise, and conducted or participated, directly or indirectly, in the conduct of the Enterprise's affairs through the pattern of racketeering activity described herein in violation of 18 U.S.C. § 1962(c).

59. Defendants each entered into a conspiracy to conduct or participate, directly or indirectly, in the conduct of the RICO Enterprises' affairs through the pattern of racketeering activity described herein, in violation of 18 U.S.C. § 1962(d).

60. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered damages.

**WHEREFORE,** Plaintiff CHARLES LESLIE STILWELL demands that judgment be entered against Defendant "1" a/k/a AMITY ZHANG a/k/a ZHANG XIAOJIE, and JOHN DOES 1 – 20, as follows:

(a) damages;

(b) statutory trebled damages pursuant to 18 U.S.C. § 1964(c);

(c) punitive damages;

(d)     costs, including reasonable attorney's fees, pursuant to 18 U.S.C. § 1964(c);

(e)     costs;

(f)     interest; and

(g)     such other and further relief as this Court deems just and proper.

## COUNT II
## CONVERSION

61.     Plaintiff adopts and realleges the allegations set forth in paragraphs 1 through 43 above as if fully and expressly set forth herein and further alleges as follows.

62.     As more fully alleged above, Defendants misappropriated Plaintiff's funds.

63.     Defendants converted Plaintiff's funds to her own use or to the use of others not entitled thereto and has exercised dominion and control over the funds to Plaintiff's exclusion and detriment.

64.     Plaintiff has suffered damages as a direct and proximate result of Defendants' conversion.

WHEREFORE, Plaintiff CHARLES LESLIE STILWELL demands that judgment be entered against Defendant "1" a/k/a AMITY ZHANG a/k/a ZHANG XIAOJIE, and JOHN DOES 1 – 20, for damages, interest, costs, and such other and further relief as this Court deems just and proper.

## COUNT III
## UNJUST ENRICHMENT

65.     Plaintiff adopts and realleges the allegations set forth in paragraphs 1 through 43 above as if fully and expressly set forth herein and further alleges as follows.

16

66.     Plaintiff conferred a direct benefit upon Defendants by transferring the valuable cryptocurrency that Defendants converted from Plaintiff.

67.     Defendants have knowledge of the benefit Plaintiff conferred upon them and have retained such benefit.

68.     The circumstances under which Plaintiff conferred, and Defendants accepted, such benefit renders Defendants' retention of the benefits inequitable.

69.     Equity requires that Defendants return to Plaintiff the benefits he conferred upon them.

**WHEREFORE,** Plaintiff CHARLES LESLIE STILWELL demands that judgment be entered against Defendant "1" a/k/a AMITY ZHANG a/k/a ZHANG XIAOJIE, and JOHN DOES 1 – 20 for equitable relief (see Count V below), alternatively for damages, interest, costs, and such other and further relief as this Court deems just and proper.

**COUNT IV**
**BREACH OF FIDUCIARY DUTY**

70.     Plaintiff adopts and realleges the allegations set forth in paragraphs 1 through 43 above as if fully and expressly set forth herein and further alleges as follows.

71.     Based on the representations of Defendant "1" of having superior knowledge in cryptocurrency investing, and based on Defendant's invitations to invest according to her advice, Plaintiff reposed his trust and confidence in Defendant to guide him in Defendant's proposed investments.

72.     As Plaintiff's accepted cryptocurrency investment advisor, Defendant "1" stood in a fiduciary relationship with Plaintiff.  Plaintiff reposed trust and confidence in Defendant.

73.     Defendant "1" owed Plaintiff the duty to act in the same manner as a reasonably prudent investment adviser.  Defendant owed Plaintiff the duty to avoid self-dealing, to avoid conflicts of interest, and not to allow the conversion of Plaintiff's assets.

74.     Defendant "1" intentionally failed to perform these duties by conspiring to commit and committing the wrongful acts set forth in this Complaint.

75.     Plaintiff has been damaged as a direct and proximate result of Defendant 1's breaches of fiduciary duty.

**WHEREFORE,** Plaintiff CHARLES LESLIE STILWELL demands that judgment be entered against Defendant "1" a/k/a AMITY ZHANG a/k/a ZHANG XIAOJIE, for equitable relief (see Count V below), alternatively for damages, interest, costs, and such other and further relief as this Court deems just and proper.

**COUNT V**
**IMPOSITION OF A CONSTRUCTIVE TRUST**
**AND DISGORGEMENT OF FUNDS**

76.     Plaintiff adopts and realleges the allegations set forth in paragraphs 1 through 43 above as if fully and expressly set forth herein and further alleges as follows.

77.     This is an action to impose a constructive trust and disgorgement of funds upon the property taken from Plaintiff that are currently held and/or controlled by Defendants, individually or jointly in any combination, at cryptocurrency exchanges: Binance, FTX, OKX, Gate.io, and Kraken.

78.     This action further calls for the restoration to Plaintiff of that wrongfully obtained property.

79.     As set forth above, Defendants -- through actual fraud, misappropriation, conversion, theft, breaches of fiduciary duty or other questionable means -- obtained Plaintiff's

cryptocurrency, which in equity and good conscience Defendants should not be permitted to hold.

80.     The cryptocurrency assets at issue are specific, identifiable property and have been traced to cryptocurrency exchanges: Binance, FTX, OKX, Gate.io, and Kraken.

81.     Any and all assets being held by Defendants, individually or jointly in any combination, at Binance, FTX, OKX, Gate.io, and/or Kraken must be held in trust for Plaintiff's benefit, as Defendants are not entitled to the benefit of wrongfully misappropriated, converted, and stolen funds and cryptocurrency assets that were taken from Plaintiff.

82.     The cryptocurrency identified herein, which is being held by Defendants at Binance, FTX, OKX, Gate.io, and Kraken, must be disgorged to Plaintiff's benefit, as Defendants are not entitled to the benefit of wrongfully misappropriated, converted, and stolen funds and cryptocurrency assets that were taken from Plaintiff.

**WHEREFORE,** Plaintiff CHARLES LESLIE STILWELL demands the equitable imposition of a constructive trust over the property taken from Plaintiff that is currently under the control of Defendant "1" a/k/a AMITY ZHANG a/k/a ZHANG XIAOJIE, and JOHN DOES 1 – 20, in the identified, and any other, cryptocurrency wallet addresses, and further demands that the wrongfully obtained property be restored to Plaintiff.

## DEMAND FOR A JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Dated: May 23, 2023                           Respectfully submitted,

                                              THE CRYPTO LAWYERS
                                              *Attorneys for Plaintiff*
                                              848 Brickell Avenue, Penthouse 5
                                              Miami, Florida 33131
                                              Telephone: (305) 423-3514
                                              www.thecryptolawyers.com

                                              By: *s/ D. Fernando Bobadilla*
                                              D. Fernando Bobadilla, Esq., *Of Counsel*
                                              Fla. Bar No. 0136948
                                              fernando@thecryptolawyers.com


                                              By: *s/ Agustin M. Barbara*
                                              Agustin M. Barbara, Esq.
                                              Fla. Bar No. 1002677
                                              agustin@thecryptolawyers.com

20