United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Charles Leslie Stil Well, Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Defendant "1" a/k/a Amity Zhang ) <br> a/k/a Zhang Xiaojie, an individual, ) <br> and John Does 1-20, as yet ) <br> unidentified individuals, business ) <br> entities, and/or unincorporated ) <br> associations, Defendants. ) | Civil Action No. 23-21920-Civ-Scola |

### Order Authorizing Alternate Service of Process

    This matter comes before the Court on the Plaintiff Charles Leslie Stil Well's ("Stil Well") motion for an order authorizing alternate service of process on Defendant "1" a/k/a Amity Zhang a/k/a Zhang Xiaojie and John Does 1-20 (collectively, the "Defendants"), pursuant to Federal Rule of Civil Procedure 4(f)(3). (Mot., ECF No. 5.) The Court has carefully reviewed the motion, the record, and is otherwise fully advised in the premises. For the reasons set forth below, the Court **grants** the motion. (**Mot., ECF No. 5**.)

1. **Background**

    Stil Well filed a complaint asserting various claims, including for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), conversion, unjust enrichment, breach of fiduciary duty, and requesting, among other relief, imposition of a constructive trust and disgorgement of funds. (ECF No. 1.) Stil Well alleges that the Defendants stole $1,333,004.00 of cryptocurrency from him pursuant to a sophisticated global internet cryptocurrency fraud and conversion scheme. (*See id.* ¶¶ 1–3; *see also* Stil Well Decl. ¶¶ 3–4, ECF No. 5-1.) In support of his motion, Stil Well presents the Declaration of an investigator confirming that Stil Well tracked the stolen cryptocurrency to certain electronic cryptocurrency wallets and cryptocurrency exchange accounts ("Defendants' Crypto Wallets"). (*See* R. M. Barbara Decl. ¶ 7, ECF No. 5-2.) Stil Well contends that the Defendants operate via the internet and utilize crypto blockchain ledger technology, *i.e.*, electronic means, as reliable forms of contact. (*See* A. M. Barbara Decl. ¶¶ 3–4, ECF No. 5-3; *see also* Stil Well Decl. ¶¶ 8–9, ECF No. 5-1.) Stil Well declares that he has good cause to believe that the Defendants are

residents of the People's Republic of China ("China"). (Stil Well Decl. ¶¶ 5–7, ECF No. 5-1.)

Stil Well has created a non-fungible token ("Plaintiff's Service NFT") and a service website ("Plaintiff's Service Website"). Plaintiff's Service NFT contains (a) a notice of this action with Summons language, and (b) a hyperlink to Plainitff's Website located at the Uniform Resource Locator ("URL"): (https://2no.co/23-cv-21920). (*See* A. M. Barbara Decl. ¶¶ 3–5, Exs. A and B, ECF No. 5-3.) Plaintiff's Website also contains a notice of this action, and will contain hyperlinks to the Summons, Complaint, and all filing and orders in this action. Stil Well seeks leave to send Plaintiff's Service NFT to the blockchain (crypto ledger) addresses of the Defendants' Crypto Wallets. Stil Well also seeks leave to serve the Defendants via Plaintiff's Service Website.

   **2. Analysis**

Rule 4(f)(3) permits service "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). Service pursuant to Rule 4(f)(3) is neither "a last resort nor extraordinary relief." *See Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). All that is required is that the proposed service is not prohibited by international agreement and such service comports with Constitutional due process, meaning that it is "reasonably calculated" to provide the defendants notice and an opportunity to defend. *See Rio Props.*, 284 F.3d at 1016; *see also Chanel, Inc. v. Zhixian*, No. 10-CV-60585-COHN/SELTZER, 2010 U.S. Dist. LEXIS 50745, at *8 (S.D. Fla. Apr. 29, 2010) (Cohn, J.).

Stil Well requests that the Court permit him to serve the Defendants via NFT to their Crypto Wallets and by posting on a specifically created website. Here, service by NFT transfer and via posting on a designated website is not prohibited under international agreement. Stil Well declares that he has good cause to believe that the Defendants are residents of China. (*See* Stil Well Decl. ¶¶ 5–7, ECF No. 5-1.) The United States and China are signatories to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"). The Hague Convention does not specifically preclude service of process via NFT or by posting on a designated website.

In addition, China has not objected to service by NFT or by posting on a designated website. Where a signatory nation has objected to the alternative means of service provided by the Hague Convention, that objection is expressly limited to those means and does not represent an objection to other forms of service, such as e-mail or website posting. *Cf. Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, No. 15-20590-CIV, 2015 WL 5320947, at *3 (S.D. Fla. Sept. 14,

2015) (noting that an objection to the alternative forms of service set forth in the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 658 U.N.T.S. 16, is limited to the specific forms of service objected to.) Therefore, although China has objected to the alternative means of service contemplated in Article 10 of the Hague Convention, "that objection is expressly limited to those means and does not represent an objection to other forms of service, such as e- mail or publication." *Karsten Mfg. Corp. v. Janit Store*, No. 18-61624-CIV, 2018 U.S. Dist. LEXIS 225682, at *3 (S.D. Fla. July 26, 2018) (Altonaga, C.J.). "A court acting under Rule 4(f)(3) therefore remains free to order alternative means of service where a signatory nation has not expressly objected to those means." *Id.* Accordingly, service by NFT or website posting does not violate an international agreement.

Further, NFT and posting on a designated website are reasonably calculated to give notice to the Defendants. By way of example, Stil Well cites a catalog of cases where courts have granted leave for a plaintiff to serve by e-mail and by website posting. (*See* Mot. 11 n.4, 13 n.6, ECF No. 5.) In addition, various courts in this District have authorized alternate service by NFT and website posting. *See, e.g.*, *Steven Sun v. Defendant*, No. 23-CV-21855-RAR, 2023 U.S. Dist. LEXIS 120838, at *5 (S.D. Fla. July 13, 2023) (Ruiz II, J.); *Bowen v. Xingzhao Li*, No. 23-cv-20399-BLOOM/Otazo-Reyes, 2023 U.S. Dist. LEXIS 35975, at *6 (S.D. Fla. Mar. 3, 2023) (Bloom, J.); *see also Ohlin v. Defendant*, No. 3:23cv8856-TKW-HTC, 2023 U.S. Dist. LEXIS 107680, at *2 (N.D. Fla. June 8, 2023).

Here the Defendants conducted their scheme using electronic means over the Internet and using cryptocurrency blockchain ledger technology, and Stil Well has supported his position that NFT and website posting are the most likely means to reach the Defendants. *See Rio Props. Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017–18 (9th Cir. 2002) ("When faced with an international e-business scofflaw, playing hide-and-seek with the federal court, e-mail may be the only means of effecting service of process."); *Breitling U.S.A., Inc. v. 3C Elec.*, No. 17-cv-60519-UU, 2017 U.S. Dist. LEXIS 227280, at *6 (S.D. Fla. Apr. 5, 2017) (Ungaro, J.) (concluding "that e-mail service and Internet publication are indeed the most likely means of communication to reach Defendants, who operate via the Internet and rely on electronic communications for the operation of their businesses").

Ultimately, the Court finds that Stil Weill has shown good cause why leave should be granted to allow service of any summonses, the Complaint, all filings, orders and discovery in this matter on the Defendants via NFT and posting on Stil Well's designated website.

### 3. Conclusion

For these reasons, the Court **grants** Stil Well's motion (**Mot., ECF No. 5**), as follows:
   a. Stil Well may serve the summonses, Complaint, and all filings and discovery in this matter upon the Defendants via transfer of Plaintiff's NFT to the Defendants' Crypto Wallets which provides notice of this action and directs the Defendants to Plaintiff's Website; **AND**
   b. Stil Well may serve the Summonses, Complaint, and all filings and discovery in this matter upon the Defendants via website posting by posting a copy of the same on the Plaintiff's designated serving notice website appearing at the following URL: (https://uscourtservice.com/21920).

The Clerk is **directed** to issue a Summons consistent with the foregoing. Finally, because the deadline to effect service of process has passed in this matter, the Court sua sponte grants Stil Well an extension of time up to and including **September 18, 2023**, to complete service of process.

**Done and ordered** in Miami, Florida, on September 1, 2023.

Robert N. Scola, Jr.
United States District Judge