## UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 1:23-cv-21920-RNS

CHARLES LESLIE STILWELL,
an individual,

      Plaintiff,

v.

DEFENDANT "1" a/k/a AMITY ZHANG a/k/a
ZHANG XIAOJIE, an individual; and JOHN DOES 1-
20, as yet unidentified Individuals, Business Entities
and/or Unincorporated Associations,

      Defendant.

### PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT
### AND MEMORANDUM OF LAW IN SUPPORT

Plaintiff, CHARLES LESLIE STILWELL ("Plaintiff"), hereby moves this Honorable Court, for the entry of final default judgment against Defendant "1" a/k/a AMITY ZHANG a/k/a ZHANG XIAOJIE ("Defendant"). In support thereof, Plaintiff submits the following Memorandum of Law.

## I.    Introduction

Plaintiff initiated this action to recover cryptocurrency stolen by Defendant pursuant to a sophisticated global internet cryptocurrency fraud and conversion scheme. Defendant is in default, and the prerequisites for a default judgment have been met. As relief, Plaintiff seeks default judgment finding Defendant liable on Complaint [DE 1] Counts I (Racketeering in Violation of 18

U.S.C. § 1964); Count II (Conversion); Count III (Unjust Enrichment); Count IV (Breach of Fiduciary Duty); and Count V (Imposition of a Constructive Trust and Disgorgement of Funds).

Despite Plaintiff's diligent efforts, including the retention of a qualified investigator, Plaintiff has not been able to identify Defendant's un-served DOE co-defendants. The defaulted Defendant's refusal to participate in these proceedings has foreclosed Plaintiff's ability to secure any discover from Defendant. Therefore, there is only one (1) Defendant, there are no effective allegations of joint and several liability, and there is no possibility of inconsistent liability between defendants who have not been, and cannot be identified, much less served.

Plaintiff prays judgment includes the entry of a permanent injunction and an award of trebled statutory RICO damages to ensure Defendant's fraudulent cryptowallets may no longer be used as a means to execute Defendant's continuing RICO enterprise.

## II.     Statement of the Facts

As set forth in Plaintiff's Complaint for Violation of The Racketeer Influenced and Corrupt Organizations Act [DE 1], Defendant stole cryptocurrency from Plaintiff pursuant to a sophisticated global internet cryptocurrency fraud and conversion scheme. See Complaint ("Compl.") [DE 1] at ¶ 1. Pursuant to this scheme Defendant continually contacted Plaintiff via electronic means, induced him to interact with a fraudulent electronic platform and converted Plaintiff's cryptocurrency from his cryptocurrency accounts. See Compl. [DE 1] at ¶¶ 11 – 28; 30 – 38. Defendant maintains and continues to maintain, private cryptocurrency wallets and cryptocurrency exchange accounts ("Defendant's Wallets") in which all or a portion of Plaintiff's stolen cryptocurrency currently sits. Id. Plaintiff tracked the stolen cryptocurrency to the identified electronic wallets. See Compl. [DE 1] at ¶¶ 31 – 38; see also (Declaration of Plaintiff's investigator Rodrigo M. Barbara [DE 5-2] at ¶ 7).

### III.    Procedural Background

Plaintiff filed this action on May 23, 2023 [DE 1].  Pursuant to this Court's September 1, 2023 Order Authorizing Alternate Service of Process on Foreign Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3), [DE 6], on Plaintiff's behalf, Plaintiff's counsel directed the September 20, 2023 e-transfer of the authorized service NFT to Defendant.  See Declaration of D. Fernando Bobadilla, Esq. in Support of Motion for Final Default Judgment ("Bobadilla Decl.") attached hereto as Exhibit "2" at ¶ 4).

As authorized by the Court, the service NFT contains summons language and a hyperlink to Plaintiff's service website which contained the Complaint, Summons, and the other pleadings and Orders in this action.  Id. at 5. Accordingly, Defendant was served with the Summons and Complaint on September 20, 2023, pursuant to (1) the service NFT and (2) Plaintiff's service website.  See ECF No. [11].  The time allowed for Defendant to respond to the Complaint expired and Defendant failed to answer or otherwise respond to the Complaint or serve a copy of any Answer or other response upon Plaintiff's attorneys of record. see also (Declaration of D. Fernando Bobadilla in Support of Plaintiff's Motion for Entry of Clerk's Default [DE 14-1] at ¶ 4 – 6).  The foreign Defendant is not an infant or an incompetent person and the Service members Civil Relief Act does not apply.  Id. at ¶¶ 7 – 8.

Therefore, on December 6, 2023, Plaintiff filed his Motion for Clerk's Entry of Default as to Defendant (ECF No. [14]), and the Clerk entered default against Defendant on December 7, 2023, for failure to plead or otherwise defend pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. ECF No. [15].  On December 7, 2023, this Court ordered Plaintiff to file this motion on or before December 22, 2023 ECF No. [16].  Plaintiff now timely moves the Court to grant Final Default Judgment against Defendant.

**IV.        Argument**

**1.        Final Default Judgment Should be Entered Against Defendant.**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331. Personal jurisdiction over Defendant and venue in this district are proper under 18 U.S.C. § 1965(a) and (b), and 28 U.S.C. § 1391(b) and (c).  Among other things, Defendant transacts her affairs in this district inasmuch as Defendant directs business activities toward and conduct business with consumers throughout the United States, including within the State of Florida and this district.

**1.        Default Judgment is Proper.**

A court may order a default judgment pursuant to Fed. R. Civ. P. 55(b)(2) following the entry of default by the court clerk under Rule 55(a).  See Fed. R. Civ. P. 55.  Upon entry of default by the clerk, the well-pled factual allegations of a plaintiff's complaint, other than those related to damages, will be taken as true.  PetMed Express, Inc. v. Medpets.com, 336 F. Supp. 2d 1213, 1217 (S.D. Fla. 2004) (citing Buchanan v. Bowman, 820 F.2d 359 (11th Cir. 1987)).  In this case, the Complaint and declarations filed in support of Plaintiff's (a) Plaintiff's Motion for Entry of Final Default Judgment and (b) Motion for Alternate Service (ECF No. [DE 5]) clearly demonstrate that final default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure should be entered against Defendant.

**2.        The Factual Allegations Establish Defendant's Liability.**

**a.        Plaintiff Has Established Defendant's RICO Violations (Count I)**

**i.        Intent of RICO**

The object of civil RICO is not merely to compensate victims but to turn them into prosecutors, "private attorneys general," dedicated to eliminating racketeering activity. Rotella v. Wood, 528 U.S. 549, 557-58 (2000); see also Agency Holding Corp. v. Malley-Duff & Associates,

Inc., 483 U.S. 143, 151 (1987) (civil RICO specifically has a "further purpose of encouraging potential private Plaintiff diligently to investigate").

### ii.      RICO is to be Read Broadly

The Supreme Court has determined that a less restrictive reading of RICO is amply supported by prior cases and the general principles surrounding the statute. Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 497-98 (1985). "*RICO is to be read broadly.*" Id. (emphasis added). This is not only due to Congress' self-consciously expansive language and overall approach, but also due to the express admonition that RICO is to "be liberally construed to effectuate its remedial purposes." Id. The statute's "remedial purposes" is evident in the provision of a private action for those injured by racketeering activity. Id.

### iii.      The RICO Elements

Under the federal RICO statute, it is "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c). The Supreme Court has stated that a violation of RICO requires Plaintiff to satisfy four elements of proof "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985); see also Williams v. Mohawk Indus., Inc., 568 F.3d 1350, 1355 (11th Cir. 2009). To prove a RICO violation, Plaintiff must prove the existence of an "enterprise" and a "pattern of racketeering activity." 18 U.S.C. § 1962; Beck v. Prupis, 162 F.3d 1090 (11th Cir. 1998).

### iv.       Plaintiff Has Alleged a Pattern of Racketeering Activity

Plaintiff's Complaint allegations, admitted by default, establish each element of a RICO § 1962(c) violation.  Specifically, Plaintiff alleges that Defendant and her co-conspirators operate a sophisticated global internet cryptocurrency fraud and conversion scheme.  Pursuant to this scheme at different times Defendant contacted Plaintiff via electronic means, induced him to interact with a fraudulent electronic platform, and converted Plaintiff's cryptocurrency from his cryptocurrency accounts.  See Compl. [DE 1] at ¶¶ 11 – 36.  Defendant maintained and continues to maintain, private cryptocurrency wallets and cryptocurrency exchange accounts in which all or a portion of Plaintiff's stolen cryptocurrency currently sits.  Id. at ¶¶ 2; 11 - 36.  Plaintiff alleges "Defendants "1" supported the above misrepresentations by texts (WhatsApp internet service and Facebook Messaging) Id. at ¶ 15.  Plaintiff also alleges Defendants "will continue their fraudulent international criminal crypto theft scheme of robbing unsuspecting persons and businesses in the U.S., in this district, and throughout the world." Id. at ¶ 41.

The foregoing satisfies the establishment of the requisite RICO predicate and continuity. A "pattern of racketeering activity" requires the plaintiff to establish "at least two acts of racketeering activity" in a ten-year period.  18 U.S.C. § 1961(5); Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 948 (11th Cir. 1997).  Title 18 U.S.C. Section 1343 defines wire fraud as devising or intending to devise a scheme or artifice to defraud and, for the purpose of executing such scheme or artifice, using the United States mail or interstate wire transmission.  Mail and wire fraud have been found by courts to include mail, emails, phone calls (national or international), faxes, and accepting monies for fraudulent purposes.[1]

---

[1] See States v. Nixon, 465 Fed. Appx. 912 (11th Cir. 2012) (holding that two *emails* that coconspirator sent to defendant to facilitate fraudulent scheme to steal state university's funds, was sufficient to support conviction for conspiracy to commit wire fraud); Brock v. Thomas, 782 F.

In addition to the two (2) acts that must be pled to establish a pattern, the Supreme Court has required that the plaintiff show that the acts are "related, and that they amount to or pose a threat of continued criminal activity. H.J., Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 239 (1989). It is the "continuity plus relationship" which produces a "pattern." Id.; Jackson v. BellSouth Telecommunications, 372 F.3d 1250, 1265 (11th Cir.2004) (quoting Jones v. Childers, 18 F.3d 899, 912 (11th Cir.1994)). To satisfy the "continuity" prong, Plaintiff must plead that: (1) the predicate acts occurred over a substantial period of time ("closed-ended" continuity), *or* (2) that the acts establish a threat of continued racketeering activity in the future ("open-ended" continuity). H.J., Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 241-42 (1989).

A scheme reflects "open-ended continuity" where the predicate acts "by [their] nature project into the future with a threat of repetition," or have become a "regular way of doing business," or are part of "a long-term association that exists for criminal purposes." H.J, Inc., 492 U.S. at 242-3; see also Accord, Lockheed Martin Corporation v. Boeing Company, 314 F. Supp.2d 1198, 1220-1221 (M.D. Fla. 2004). Under open-ended continuity, predicate acts committed over even very short periods of time are sufficient to form a RICO pattern, where the acts pose a threat of continuing criminal activity. H.J., Inc., 492 U.S. at 241-3; see also Accord, e.g., United States

---

Supp. 2d 133 (E.D. Pa. 2011) (holding that defendants engaged in predicate acts of mail and wire fraud based on mailings and interstate *phone calls* to solicit loans); Cofacredit, S.A. v. Windsor Plumbing Supply Co., Inc., 187 F.3d 229 (2d Cir. 1999) (holding that defendants utilizing the mails, making *international phone calls*, and sending *international faxes* in furtherance of their scheme to defraud constituted predicate acts of mail and wire fraud); United States v. Totaro, 40 Fed. Appx. 321, 324 (8th Cir. 2002) (holding that evidence was sufficient to sustain convictions on mail, wire fraud and racketeering charges where defendant admitted *accepting money* that individuals wired or mailed where defendant was fraudulently representing to borrowers he would pool their high-risk loans in private placement offering). To properly plead a cause of action for mail or wire fraud, plaintiff must allege that defendant: "(1) intentionally participates in a scheme to defraud another of money or property and (2) uses the mails or wires in furtherance of the scheme." In re Sahlen & Associates, Inc. Securities Litigation, 773 F. Supp. 342, 365 (S.D. Fla. 1991).

v. Aulicino, 44 F.3d 1102, 1110-14 (2d Cir. 1995) (pattern established though acts occurred "only over a period of some 3 ½ months"); United States v. Busacca, 936 F.2d 232, 238 (6th Cir. 1991) (pattern established when predicate acts committed over two-month period).

As set forth above, the well-pled factual allegations of Plaintiff's Complaint establish each of the elements of Plaintiff's RICO claim, i.e., Defendant's conduct in furtherance of a RICO enterprise through a pattern of racketeering activity.  See Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496 (1985); see also Complt. [DE 12] at ¶¶ 11 – 24 and 26 – 31.

### b.      Plaintiff Has Established Defendant's Conversion (Count II)

Plaintiff is a citizen of Florida, where he was located when Defendant converted his cryptocurrency. See Civil Cover Sheet [DE 1]. Therefore, Florida law applies to Plaintiff's conversion claim.[2]  The elements of conversion are: (1) a taking of chattels; (2) with intent to exercise ownership over them an ownership inconsistent with the real owner's right of possession. Hannah v. Malk Holdings, 368 So. 3d 1087, *1091 (Fla. 6th DCA 2023); see also W. Yellow Pine Co. v. Stephens, 80 Fla. 298, *304 (Fla. 1920). Here, Plaintiff alleges all elements under Florida law.  See Count II (Conversion), Complt. [DE 1] at ¶¶ 61 – 64.

---

[2] See Trumpet Vine Investments, N.V. v. Union Capital Partners I, Inc., 92 F.3d 1110, 1115-6 (11th Cir. 1996) (For tort claims, Florida uses the "most significant relationship" test set forth in Restatement (Second) of Conflict of Laws § 145.).  Under that test a court considers (1) "the place where the injury occurred"; (2) "the place where the conduct causing the injury occurred"; (3) "the domicile, residence, nationality, place of incorporation and place of business of the parties"; and (4) "the place where the relationship, if any, between the parties is centered."  Restatement (Second) of Conflict of Laws § 145(2) (1971).  "[A]bsent special circumstances, '[t]he state where the injury occurred would . . . be the decisive consideration in determining the applicable choice of law.'" Pycsa Panama, S.A. v. Tensar Earth Techs., Inc., 625 F. Supp. 2d 1198, 1220 (S.D. Fla. 2008) (quoting Bishop v. Fla. Specialty Paint Co., 389 So. 2d 999, 1001 (Fla. 1980)).

**c.      Plaintiff Has Established Defendant's Unjust Enrichment (Count III)**

Florida law also applies to Plaintiff's Count III claim for Unjust Enrichment.  See FN 2 supra.  In Florida, the essential elements of a cause of action for unjust enrichment are: "(1) the plaintiff conferred a benefit on the defendant, who has knowledge of the benefit, (2) the defendant accepts and retains the conferred benefit, and (3) under the circumstances it would be inequitable for the defendant to retain the benefit without paying for it." Cape, LLC v. Och-Ziff Real Est. Acquisitions LP, 370 So. 3d 1010, *1016 (Fla. 5th DCA 2023); see also Duncan v. Kasim, Inc., 810 So. 2d 968, 971 (Fla. 5th DCA 2002).  Here, Plaintiff alleges all elements under Florida law. See Count III (Unjust Enrichment), Complt. [DE 1] at ¶¶ 65 – 69.

**d.      Plaintiff Has Established Defendant's Breach of Fiduciary Duty (Count IV)**

Florida law also applies to Plaintiff's Count IV claim for Breach of Fiduciary Duty.  See FN 2 supra.  In Florida, the elements of a cause of action for breach of fiduciary duty are: (1) the existence of a fiduciary duty; (2) its breach; and (3) damages proximately caused by the breach. Minotty v. Baudo, 42 So. 3d 824, 835-836 (Fla. 4th DCA 2010); see also Gracey v. Eaker, 837 So. 2d 348, 353 (Fla. 2002).  Here, Plaintiff alleges all elements under Florida law.  See Count IV, Complt. [DE 1] at ¶¶ 70 – 75.

**e.      Plaintiff Has Established Entitlement to the Imposition of a Constructive Trust and Disgorgement of Funds (Count V)**

Finally, Florida law also applies to Plaintiff's Count V claim for the Imposition of a Constructive Trust and Disgorgement of Funds.  See FN 2 supra.  Under Florida law, "[a] constructive trust is one raised by equity in respect to property which has been acquired by fraud, or where, though acquired originally without fraud, it is against equity that it should be retained by him who holds it."  Provence v. Palm Beach Taverns, 676 So. 2d 1022, *1025 (Fla. 4th DCA

9

1996). Under Florida law, "Disgorgement is an equitable remedy intended to prevent unjust enrichment." Duty Free World, Inc. v. Miami Perfume Junction, Inc., 253 So. 3d 689, *698 (Fla. 3d DCA 2018); see also S.E.C. v. Monterosso, 756 F.3d 1326, 1337 (11th Cir. 2014). See Count V (Imposition of a Constructive Trust and Disgorgement of Funds), Complt. [DE 1] at ¶¶ 76 – 82.

Accordingly, Default Judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure should be entered against Defendants on Counts I, II, III, IV, and V.

### B. Plaintiff's Requested Relief Should Be Granted.

#### 1. Damages

As set forth in Plaintiff's Declaration, Defendant converted $1,191,377.14 (One Million One Hundred Ninety One Three Hundred Seventy Seven U.S. Dollars and Fourteen Cents) from Plaintiff. See Plaintiff's Damage Decl. Exhibit "1" hereto, at ¶¶ 3 – 8. Plaintiff's stolen cryptocurrency consisted of USDT (Tether) and ETH (Ethereum). Plaintiff's Complaint [DE 1] at ¶ 38 alleged damages of $1,333,004, however, that amount is reduced pursuant to Plaintiff's updated damage calculation according to the historical USDT and ETH values. The total value of the cryptocurrency at the time of the theft, and as of the date of this Motion, is $1,191,377.14 U.S. Dollars. See Plaintiff's Damage Decl., Exhibit "1" hereto, at ¶¶ 3 – 8. Therefore, Plaintiff is entitled to damages of $1,191,377.14 U.S. Dollars under Count I (RICO - 18 U.S.C. § 1964); Count II (Conversion); Count III (Unjust Enrichment); and Count IV (Breach of Fiduciary Duty). Further, under Count I Plaintiff is entitled to RICO statutory trebled damages pursuant to 18 U.S.C. § 1964(c), i.e., a total $3,574,131.42 (Three Million Five Hundred Seventy Four Thousand One Hundred Thirty One Dollars and Forty Two Cents).[3] See Sedima, S.P.R.L. v. Imrex Co., Inc., 473

---

[3] 18 U.S.C. § 1964(c) provides: "Any person injured in his business or property by reason of a violation of section 1962 of this chapter (18 U.S.C. s 1962) may sue therefor in any appropriate

U.S. 479, 496 (1985).  (A defendant who violates section 1962 is liable for treble damages to plaintiff who has been injured in his business or property by the conduct constituting the violation.).

### 2.  Entry of a Permanent Injunction and Imposition of a Constructive Trust is Appropriate.

Pursuant to RICO Act Section 1964(a), this Court should prevent and restrain Defendant from using the subject crypto wallets to continue the subject cryptocurrency RICO scheme and should disgorge Defendant of Plaintiff's cryptocurrency, i.e., RICO ill-gotten gains to be invested in the continuing RICO scheme.  Section 1964(a) provides:

> The *district courts* of the United States shall *have jurisdiction to prevent and restrain violations of section 1962 of this chapter* (18 U.S.C. s 1962) *by issuing appropriate orders,* including, but not limited to: *ordering any person to divest himself of any interest, direct or indirect, in any enterprise; imposing reasonable restrictions on the future activities or investments of any person, including, but not limited to, prohibiting any person from engaging in the same type of endeavor as the enterprise engaged in,* the activities of which affect interstate or foreign commerce; or ordering dissolution or reorganization of any enterprise, making due provision for the rights of innocent persons.

(Emphasis added).  Likewise, Count V seeks the imposition of a Constructive Trust and the Disgorgement of Defendant's ill-gotten Funds.

Injunction and disgorgement is necessary and proper to prevent Defendant's continuing violation of Section 1962 and to afford Plaintiff complete relief.  See, e.g., Absolute Activist Value Master Fund Limited v. Devine, 2016 WL 1572388 *4, (M.D. Fla. 2016) (concluding "the Court had the authority to issue the TRO to preserve plaintiffs' equitable remedies available under their federal RICO claims.").  Moreover, the Court's powers of equity are sufficiently broad to compel measures necessary to enforce an injunction.  See Swann v. Charlotte-Mecklenburg Bd. Of Educ.,

_____

United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee."

11

402 U.S. 1, 15, 91 S. Ct. 1267, 1276 (1971) ("Once a right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for. . . the essence of equity jurisdiction has been the power of the Chancellor to do equity and to mold each decree to the necessities of the particular case."); United States v. Bausch & Lomb Optical Co., 321 U.S. 707, 724 (1944) ("Equity has power to eradicate the evils of a condemned scheme by prohibition of the use of admittedly valid parts of an invalid whole.").

Although the law is undeveloped in the emerging field of blockchain crypto technology, in other established legal areas such as trademark infringement, which are also implicates goals of public protection, federal courts routinely issue the type of injunction requested here.[5]  Permanent injunctive relief is appropriate where a plaintiff demonstrates (1) he has suffered irreparable injury; (2) there is no adequate remedy at law; (3) the balance of hardship favors an equitable remedy; and (4) an issuance of an injunction is in the public's interest.  eBay, Inc. v. MercExchange, LLC, 547 U.S. 388, 392-93, 126 S. Ct. 1837, 164 L. Ed. 2d 641 (2006).  Absent a permanent injunction Defendant will continue to transfer Plaintiff's funds to other wallets (irreparable injury with no adequate remedy as to fraudulently converted identifiable funds) and will continue to ensnare other victims in Defendant's fraudulent XHEX platform scheme (public interest).  Indeed, Defendant's failure to respond or otherwise appear in this action underscores Defendant's ability and intent to commit further RICO violations to other victims absent an injunction (balance of hardship favors remedy).  See, e.g., Jackson v. Sturkie, 255 F. Supp. 2d 1096, 1103 (N.D. Cal. 2003) ("[D]efendant's lack of participation in this litigation has given the court no assurance that

---

[5]  See, e.g., Chanel, Inc. v. besumart.com, 240 F. Supp. 3d 1283, 1291 (S.D. Fla. 2016) ("[A]n injunction to enjoin infringing behavior serves the public interest in protecting consumers from such behavior." (citation omitted)); BellSouth Adver. & and Publ'g. Corp. v. Real Color Pages, Inc., 792 F. Supp. 775, 785 (M.D. Fla. 1991) (holding "[i]n a trademark infringement or unfair competition case, a third party, the consuming public is present and its interests are paramount.").

defendant's [trademark] infringing activity will cease. Therefore, plaintiff is entitled to permanent injunctive relief.").

## V.    Conclusion

For the foregoing reasons, Plaintiff respectfully requests the Court enter final default judgment including a disgorgement order and a permanent injunction against Defendant in the form of the proposed Final Default Judgment and Permanent Injunction filed herewith.

Respectfully submitted,

December 21, 2023

THE CRYPTO LAWYERS
*Attorneys for Plaintiff*
848 Brickell Avenue, Penthouse 5
Miami, Florida 33131
Telephone: (305) 423-3514
www.thecryptolawyers.com

By: *s/ D. Fernando Bobadilla*
D. Fernando Bobadilla, Esq., *Of Counsel*
Fla. Bar No. 0136948
fernando@thecryptolawyers.com

## CERTIFICATE OF SERVICE

Undersigned counsel for Plaintiff hereby certifies that in compliance with this Court's December 7, 2023 Order on Default Procedures (ECF No. [16]), Plaintiff served this Motion on Defendant "1" a/k/a AMITY ZHANG a/k/a ZHANG XIAOJIE, by uploading the Order to Plaintiff's service website at: https://uscourtservice.com/21920.

By:        s/ *D. Fernando Bobadilla, Esq.*
D. Fernando Bobadilla, Esq.